**Elvin Fred MARTINEZ, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 04–70793.

Agency No. A75–680–148.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suit-

Elvin Fred Martinez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Elvin Fred Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's determination that Martinez failed to file his application for asylum within one year of his arrival in the United States, see 8 U.S.C. §§ 1158(a)(2)(B), (a)(3); Hakeem v. INS, 273 F.3d 812, 815 (9th Cir.2001), and that extraordinary circumstances excused the late filing, see Molina–Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).

■ We review for substantial evidence the BIA's determination that Martinez failed to establish eligibility for withholding of removal. See Hakeem, 273 F.3d at 816. Martinez admitted that he is aware the guerilla groups he feared when he left El Salvador in the 1980's are no longer a threat to society and now he fears only

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

criminal gang activity. Because general unrest is not a basis for withholding of removal, and Martinez failed to offer any evidence that he would be targeted on a protected ground, substantial evidence supports the BIA's conclusion that he failed to establish eligibility for withholding of removal. *See Mendez–Efrain v. INS*, 813 F.2d 279, 282 (9th Cir.1987) (absent specific evidence, applicant's belief that he would be subject to persecution in El Salvador due to general unrest was insufficient to sustain burden).

Martinez also failed to establish eligibility for CAT relief because he failed to demonstrate that it is more likely than not that he would be tortured if returned to El Salvador. *See* 8 C.F.R. § 208.16(c)(2); *Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.